# SETTLEMENT AGREEMENT AND RELEASE

Bernabe and Gudelio Campos ("Campos" or "Plaintiffs" or "Plaintiffs Campos") and Royal Lace Co, Inc., ("Royal") Moises Guttman and Aaron Guttman and the aforementioned entities'/individual's divisions, affiliates, subsidiaries, parents, corporations under common ownership or control or related business entities, predecessors, successors, management companies, leasing and payroll companies, assigns, officers, directors, members, partners, trustees, employees, agents, actuaries, accountants, stockholders, administrators, representatives, attorneys including without limitation attorneys who appeared in this action, insurers or fiduciaries, past, present or future (collectively "Defendants' Released Parties"), desire to avoid the costs, risks, and delays associated with litigation and to put to rest any and all possible disputes between the parties and therefore agree as follows:

1. **Definition of Parties**.

    a. "Plaintiffs" or "Plaintiffs Campos" shall be defined to include, but is not limited to, Bernabe and Gudelio Campos, and all affiliated persons or entities, including, but not limited to, his present or former spouse, domestic partner, dependents, heirs, assigns, successors, creditors, debtors, counsel and any otherwise affiliated or related persons and entities.

    b. "Defendants" shall be defined as Royal Lace Co, Inc., Moises Guttman and Aaron Guttman.

    c. "Defendants' Released Parties" shall be defined to include but is not limited to Royal Lace Co, Inc., Moises Guttman and Aaron Guttman and the aforementioned entities'/individual's divisions, affiliates, subsidiaries, parents, corporations under common ownership or control or related business entities, predecessors, successors, management companies, leasing and payroll companies, assigns, officers, directors, members, partners, trustees, employees, agents, actuaries, accountants, stockholders, administrators, representatives, attorneys including without limitation attorneys who appeared in this action, insurers or fiduciaries, past, present or future.

    d. "Action" or "Lawsuit" refers to the lawsuit filed by Plaintiffs against Defendants in the United States District Court, Eastern District of New York, titled <u>Campos v. Royal Lace Co., Inc., et al</u>, with Civil Action No.: 2015CV 04740 (J. Matsumoto,Kiyo A.) (M.J. Levy, Robert M).

    e. "Agreement" refers to this Settlement Agreement And Release.

    2. **Consideration**. In consideration for Plaintiff Campos' signing this Agreement and the releases of all claims herein, Defendants agree to make the following payments:

A. Within 30 days of the approval of this Settlement Agreement and Release by the Court, Royal will pay Michael Faillace & Associates, P.C. the net and gross sum of thirty-five thousand dollars ($35,000.00)

B. Commencing thirty days thereafter and on the same date for the next consecutive eleven (11) months Royal will pay Michael Faillace & Associates, P.C. the net and gross sum of five thousand dollars ($5,000.00) for a total of $60,000.00 over 12 months, in addition to the initial $35,000.00 payment.

C. Michael Faillace & Associates, P.C. agrees to hold Defendants' Released Parties harmless and indemnify Royal in the event of a tax assessment by any federal, state or local taxing authority, with respect to any alleged failure to make all required deductions or withholding from the sums to be paid hereunder to Campos and/or his attorney as part of this Settlement Agreement and Release .

3. **No Consideration Absent Execution of This Agreement**. Plaintiffs understand and agree neither would receive the monies specified in Paragraph 2 above, except for his execution of this Agreement and the discontinuance of the Action with prejudice.

4. **Release of Claims.**

In consideration of the promises of benefits, mutual agreements, payment and other good and valuable consideration contained in this Agreement, Plaintiff hereby releases and forever discharge Defendants' Released Parties including without limitation their divisions, affiliates, subsidiaries, parents, corporations under common ownership or control or related business entities, predecessors, successors, management companies, assigns, officers, directors, members, partners, trustees, employees, agents, actuaries, accountants, stockholders, administrators, representatives, attorneys including without limitation attorneys who appeared in this action, insurers or fiduciaries, past, present or future, of and from any and all claims for any wage and hour violations, and related retaliation, under federal, state, and/or local law, including but not limited to, any and all claims for unpaid wages, gap time pay, overtime pay, failure to maintain and furnish employees with proper wage records and all other claims that were or, could have been asserted in the Lawsuit, whether known or unknown, under federal, state, and/or local wage and hour laws (including but not limited to the FLSA, the NYLL and New York Code of Rules and Regulations), through the date of this Agreement. This release includes all claims for all damages arising from any such released claims, including claims for liquidated damages, interest, and attorneys' fees and costs.

5. **Plaintiff's and Defendants' Representations and Covenants.**

a. Plaintiffs affirm that in the Action they asserted claims seeking *inter alia*, unpaid wage or overtime pay under the Fair Labor Standards Act, the New

773041-1                                    2

York State Labor Law, and/or any other law, regulation or basis and affirms that there is a *bona fide* dispute as to such FLSA claims which are being settled and released by this Agreement.

b.

Plaintiffs affirm they have not filed or caused to be filed, and neither is presently party to, any claim against Defendants' Released Parties other than the Lawsuit.

c.

d. Nothing in this Agreement shall be construed to restrict any communication or participation either Plaintiff may have with any agency of the United States government, subdivision thereto, or any State or Municipal government agency charged with the enforcement of any law. Each Plaintiff understands that although he is not prohibited from filing a charge or complaint against Defendants with any agency of the United States government, any subdivision thereto, or any State or Municipal government agency charged with the enforcement of any law by virtue of this Agreement, each Plaintiff waives any right to recover monetary damages in any charge, complaint or lawsuit filed by themselves or anyone else on either of their behalf.

6. **Release Notification.** Defendants advise each Plaintiff to discuss the terms of this Settlement Agreement and Release with his legal counsel. Each Plaintiff acknowledges he did so; it is his choice to waive any potential claims in return for the benefits set forth herein; and, said choice was made after careful thought, and after consulting with his attorneys. Each Plaintiff represents that he has been advised to and did consult legal counsel regarding this Agreement. Each Plaintiff further represents that after having had a full opportunity to review and consider the terms and conditions of this Agreement, and having discussed them with any member of his immediate family, counsel or financial advisor of his own choosing, and having had sufficient time to review and consider this Agreement, each Plaintiff fully understands all of the provisions of this Agreement and has executed same freely and voluntarily.

7. **Governing Law and Interpretation**. This Agreement shall be governed and conformed in accordance with the laws of the State of New York without regard to its conflict or choice of law provisions. In the event either Plaintiff or any Defendant breaches any provision of this Agreement, Plaintiffs and Defendants affirm that either may institute an action to specifically enforce any term or terms of this Agreement. If any provision of this Agreement is declared illegal or unenforceable by any court of competent jurisdiction, the parties agree the court shall have the authority to modify, alter or change the provision(s) in question to make the Agreement legal and enforceable. If this Agreement cannot be modified to be enforceable, excluding the general release language, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect. If the release language is found to be illegal or unenforceable, Plaintiff and Defendants agree to, as soon as possible thereafter, execute a binding replacement release(s).

8. **Amendment**. This Agreement may not be modified, altered or changed without the express written consent of all parties wherein specific reference is made to this Agreement.

9. **Resolution of Disputes**. The parties agree that the Court in this action may retain jurisdiction to resolve any disputes arising out of this Settlement Agreement and the settlement of this action.

10. **Non-admission of Wrongdoing**. The parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by either party of any liability or unlawful conduct of any kind.

11. **Entire Agreement**. This Agreement sets forth the entire agreement between the parties hereto, and fully supersedes any prior agreements or understandings between the parties. Each Plaintiff acknowledges he has not relied on any representations, promises, or agreements of any kind made to him in connection with his decision to accept this Agreement, except for those set forth in this Agreement, and Plaintifs' consent to this Agreement is given freely, voluntarily, and with full knowledge and understanding of this Agreement's contents.

12. **Section Headings**. Section headings are used herein for convenience of reference only and shall not affect the meaning of any provision of this Agreement.

13. **Legal Fees**. Except as provided for in this Agreement, each party will be responsible for its own legal fees or costs, if any, incurred in connection with the negotiation, settlement and delivery of this Agreement.

14. **Joint Participation in Preparation of Agreement**. The Parties participated jointly in the negotiation and preparation of this Agreement, and each party has had the opportunity to obtain the advice of legal counsel and to review, comment upon, and redraft this Agreement. Accordingly, it is agreed that no rule of construction shall apply against any party or in favor of any party. This Agreement shall be construed as if the Parties jointly prepared this Agreement, and any uncertainty or ambiguity shall not be interpreted against any one party and in favor of the other.

15. **Miscellaneous.**

a. All notices or other communication provided for or permitted herein shall be in writing, and mailed by U.S. Registered or Certified Mail/Return Receipt Requested, reputable overnight express courier (Federal Express, UPS, *etc.*) or sent by telecopy or other similar communication, provided that, if such communication is used, the notice is also mailed simultaneously by First-Class U.S. Mail, to the party entitled or required to receive same, at the address set forth below or at such other address as such party shall designate by a notice

given pursuant to this paragraph. All such notices, etc., shall be deemed given when mailed in accordance with this paragraph.

  i) *If to Plaintiffs:*
   Bernabe and Gudelio Campos
   c/o Gerald Ellis, Esq.
   Michael Faillace & Associates, P.C.
   One Grand Central Place
   60 East 42nd Street, Suite 2540
   New York, NY 10165

  ii) *If to Defendants*

   Richard M. Howard, Esq.
   Meltzer, Lippe, Goldstein & Breitstone, LLP
   190 Willis Avenue
   Mineola, NY 11501

  b. This Agreement may be executed in two (2) or more counterparts, each of which shall be deemed an original, but all of which shall constitute one and the same instrument, and in pleading or proving any provision of this Agreement, it shall not be necessary to produce more than one (1) of such counterparts. Facsimile and or PDF transmission copies will be deemed and accepted as original in all proceedings and no objection will be raised regarding same. The exhibits annexed hereto are specifically incorporated and made a part of this Agreement.

  c. This Agreement shall inure to the benefit of Defendants' Released Parties, their successors and assigns, including, but not limited to, any corporation, individual, partnership or other entity which may acquire all or substantially all of Defendants' Released Parties' assets and business or with or into which Defendants' Released Parties may be consolidated or merged. This Agreement and its attached exhibits shall inure to the benefit of Plaintiff Campos and his executors and assigns.

  d. Each of the covenants contained herein is a separate and independent covenant. A breach, finding of unenforceability or waiver of any one covenant herein (or of any other covenant or agreement between these parties) shall not relieve either party of any remaining obligations hereunder.

  16. **Competency to Waive Claims**. At the time of considering or executing this Agreement, neither Plaintiff was affected or impaired by illness, use of alcohol, drugs or other substances or otherwise impaired. Plaintiffs are competent to execute this Agreement and knowingly and voluntarily waive any and all claims either may have against Defendants' Released Parties.

IN WITNESS WHEREOF, the parties hereto knowingly and voluntarily executed this Settlement Agreement And Release as of the date set forth below:

**PLAINTIFF:**

**BERNABE CAMPOS**

By: *Bernabo Campos*

Date: 1-27-2017

**DEFENDANT:**

**ROYAL LACE CO, INC.,**

By:_____

Print Name _____

Title _____

Date: _____

**GUDELIO CAMPOS**

By _____ *[signature]* _____

Date: 1-27-2017

**DEFENDANT:**

**MOISES GUTTMAN**

By:_____

Print Name _____

**DEFENDANT:**

**AARON GUTTMAN**

By:_____

Date: _____

773041-1

7

EACH PLAINTIFF HAS BEEN ADVISED TO CONSULT WITH AN ATTORNEY BEFORE SIGNING THIS SETTLEMENT AGREEMENT AND RELEASE AND HAS CONSULTED WITH HIS COUNSEL, MICHAEL FAILLACE & ASSOCIATES, P.C., REGARDING THE AGREEMENT. PLAINTIFFS, HAVING ELECTED TO EXECUTE THIS AGREEMENT, TO FULFILL THE PROMISES AND TO RECEIVE THE SUMS AND BENEFITS ABOVE, EACH PLAINTIFF FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS HE HAS OR MIGHT HAVE AGAINST DEFENDANTS' RELEASED PARTIES AS SET FORTH HEREIN.

IN WITNESS WHEREOF, the parties hereto knowingly and voluntarily executed this Settlement Agreement And Release as of the date set forth below:

**PLAINTIFF:**

**BERNABE CAMPOS**

By: _____

Date: _____

**GUDELIO CAMPOS**

By _____

Date: _____

**DEFENDANT:**

**ROYAL LACE CO, INC.,**

By: _[signature]_____

Print Name _AARON GUTTMAN_

Title _PRES_

Date: _1/09/17_

**DEFENDANT:**

**MOISES GUTTMAN**

By: _[signature]_____

Print Name _Moses Guttman_

**DEFENDANT:**

**AARON GUTTMAN**

By: _[signature]_____

Date: _1/09/17_